EXHIBIT 1

Case 2:20-cv-03369-DSF-PJW Document 1-1 Filed 04/10/20 Page 2 of 32 Page ID #:10
Electronically FILED by Superior Court of California, County of Los Angeles on 02/05/2020 by Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez, Deputy Clerk
20STCV04831

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

WELLS FARGO & COMPANY, a corporation; and DOES 1
THROUGH 50, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ROWENA KUMARATUNGA, an individual;

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER |
|---|---|
| *(El nombre y dirección de la corte es):* Stanley Mosk Courthouse | *(Número del Caso):* 20STCV04831 |

111 North Hill Street
Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Brennan M. Hershey, Hershey Law, 16255 Ventura Blvd., Suite 1205, Encino, CA 91436; (310) 929-2190

| DATE: *(Fecha)* 02/05/2020 | Sherri R. Carter Executive Officer / Clerk of Court | |
|---|---|---|
| | Clerk, by *(Secretario)* Nancy Alvarez | , Deputy *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Wells Fargo & Company, a corporation

   under: ☒ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Assigned for all purposes to: Stanley Mosk Courthouse. Judicial Officer: Rupert Byrdsong

**HERSHEY LAW, P.C.**
BRENNAN M. HERSHEY, ESQ., SBN #311464
brennan@hersheylaw.com
16255 Ventura Blvd., Ste. 1205
Encino, CA 91436
Tel: (310) 929-2190
Fax: (310) 929-6060

Attorney for Plaintiff, ROWENA B. KAMARATUNGA

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR COUNTY OF LOS ANGELES**

**20STCV04831**

| | |
|---|---|
| ROWENA B. KAMARATUNGA, an individual;<br><br>    Plaintiff,<br><br>vs.<br><br>WELLS FARGO & COMPANY, a corporation; and DOES 1 THROUGH 50, inclusive.<br><br>    Defendants. | Case No.:<br>**COMPLAINT FOR DAMAGES:**<br>**(1) Failure to Provide Meal Periods;**<br>**(2) Failure to Provide Rest Periods;**<br>**(3) Failure to Pay Overtime;**<br>**(4) Failure to Pay All Wages;**<br>**(5) Failure to Pay Waiting Time Penalties;**<br>**(6) Failure to Provide Accurate Itemized Wage Statements;**<br>**(7) Unfair Business Practice;**<br>**(8) Disability Discrimination in Violation of Government Code 12940 ET Seq. (FEHA);**<br>**(9) Failure to Accommodate Disability in Violation of the FEHA;**<br>**(10) Failure to Engage in the Interactive Process in Violation of FEHA;**<br>**(11) Racial Discrimination in Violation of Government Code 12940 Et Seq. (FEHA);**<br>**(12) Race and National Origin Harassment in Violation of the FEHA;**<br>**(13) Failure to Prevent Discrimination and Harassment in Violation of FEHA;**<br>**(14) Wrongful Termination in Violation of FEHA;**<br>**(15) Wrongful Termination in Violation of Public Policy;**<br>**(16) Failure to Provide Complete Access to Employee Personnel File and Payroll Records in Violation of California Labor Code 226, 432 and 1198.5**<br><br>**DEMAND FOR JURY TRIAL** |

HERSHEY LAW, P.C.
16255 VENTURA BLVD., STE. 1205
FSI INC, CALIFORNIA 91436
Telephone: (310) 929-2190, Facsimile: (310) 929-6060

**COMPLAINT FOR DAMAGES**

1

1    COMES NOW, Plaintiff ROWENA B. KAMARATUNGA, ("Plaintiff"), by and through

2  her attorneys Brennan M. Hershey and Hershey Law, P.C., brings suit against Defendants WELLS

3  FARGO & COMPANY, a business entity form unknown; and DOES 1 THROUGH 50, inclusive

4  (collectively, "Defendants"), and in support thereof states as follows:

5                                   **INTRODUCTION**

6    1)    This is an action brought by the Plaintiff ROWENA B. KAMARATUNGA. Plaintiff

7  was an employee of Defendants WELLS FARGO & COMPANY, a business entity form unknown,

8  at all times herein mentioned. Plaintiff has been employed by defendant for approximately 15

9  months.

10    2)    Plaintiff was a non-exempt employee working for Defendant as a Business Teller/

11  Lobby Lead at all times herein mentioned.

12    3)    Plaintiff routinely worked for more than eight (8) hours in a day, and/or forty (40)

13  hours in a week and, therefore, was entitled to overtime compensation under California Law.

14    4)    Defendants failed to provide Plaintiff with uninterrupted meal and rest breaks as

15  required by California law.

16    5)    Defendants provided Plaintiff with inaccurate wage statements which failed to include

17  overtime or penalty hours as required by California Law.

18    6)    Defendants failed to provide Plaintiff with all wages due upon termination as required

19  by California Law.

20    7)    Plaintiff was Discriminated against by Defendant because of Plaintiff's race and/or

21  national origin. Plaintiff is Sri Lankan while her supervisor's (six (6) in total), and at the time of her

22  employment five (5) other tellers, were Armenian. Being deprived of benefits and just wages

23  because of discrimination

24    8)    Plaintiff was repeatedly treated differently and discriminated by being deprived of

25  benefits and promotions including wage raises, when compared to the treatment received by her

26  Armenian counterparts. For example, Plaintiff along with other employees were college students.

27  Plaintiff's Armenian coworkers were permitted to request schedules that would accommodate their

28  class schedules (whereby one Teller Ryan was given a schedule allowing him to go to go classes on

HERSHEY LAW, P.C.
16255 VENTURA BLVD. STE 1205
ENCINO, CALIFORNIA 91436
Telephone: (310) 929-2190; Facsimile: (310) 929-6060

Tuesdays and Thursdays, and Teller Lernik was given a schedule allowing him to go to classes on Mondays and Wednesdays, both tellers being Armenian).  However, Plaintiff upon requesting the same was denied such accommodation. When Plaintiff spoke out about the unfair treatment she was told "don't worry about other people, worry about yourself" and "If you can't do work and school look for another job"

9)  Plaintiff was also repeatedly harassed while at work based on her national origin. Plaintiff was constantly subjected offensive conduct that had become a condition of continued employment and/or the conduct that was sufficiently severe or pervasive to create a work environment that a reasonable person would consider intimidating, hostile, or abusive. For example in a meeting regarding her accommodations for school, after being told Plaintiff was told "If you can't do work and school look for another job," Plaintiff was also told "If you come in here, if you quit, I know what to say about you to the next employer that hires you."

10)  Plaintiff was also purposefully and maliciously subjected to abusive treatment through the conduct of her supervisors and managers along with her Armenian coworkers who constantly spoke in Armenian, while looking at Plaintiff, laughing, then walking away.

11)  Plaintiff also witnessed other employees of African American or Hispanic race treated unfairly to the point where in one year's time, four (4) employees either quit or transferred to other branches due to the unfair, harassing and discriminatory treatment which was prevalent in Plaintiff's place of work.

12)  Plaintiff was denied benefits such as promotions and raises. In two years'-time, Plaintiff made $15.00 and was never given a raise.

13)  On or around January 2019, Plaintiff went on leave under the direction of Dr. Fera, her psychiatrist. On June 27, 2019, Plaintiff was terminated because her time away was considered an unapproved leave, despite Plaintiff providing Defendant with medical documentation supporting her leave.

14)  At no point during Plaintiff's leave did Defendant attempt to engage in the interactive process with Plaintiff, nor did they accommodate her need for leave. As a teller, Plaintiff was not

HERSHEY LAW, P.C.
16255 VENTURA BLVD, STE. 1205
ENCINO, CALIFORNIA 91436
Telephone: (310) 929-2190| Facsimile: (310) 929-6060

considered Key Personnel and Defendant and plenty of personnel able and available to continue covering Plaintiff's role.

15)    Defendant created a hostile work environment for Plaintiff.

16)    Defendant failed to prevent harassment or discrimination in violation of FEHA.

17)    Plaintiff was wrongfully terminated in violation of FEHA and Public Policy.

18)    On June 27. 2019. Plaintiff was constructively terminated. Defendants employer knowingly created intolerable working conditions for Plaintiff creating such an environment that any reasonable person would find themselves with no choice but to resign.

19)    Defendant also failed to provide Plaintiff complete access to her employee personnel file and payroll records in violation of California Labor Code 226. 432 and 1198.5 after Plaintiff's requested said file and records by US Mail in July of 2018. To date Plaintiff has not received said file nor records.

20)    Plaintiff alleges that California statutory. decisional and regulatory laws prohibit the conduct of Defendants herein alleged. and therefore Plaintiff has an entitlement to monetary relief on the basis that Defendants violated such statutes. decisional law and regulations.

## PARTIES

21)    Plaintiff ROWENA B. KAMARATUNGA is an individual residing in the County of Los Angeles. State of California

22)    Defendant. WELLS FARGO & COMPANY. a business entity form unknown. on information and belief, is conducting business in good standing in California.

## JURISDICTION AND VENUE

23)    This Court has jurisdiction over Defendant because Defendant WELLS FARGO & COMPANY has their principal business address, wherein Plaintiff worked. located in the County of Los Angeles. State of California.

24)    The acts upon which this action is based occurred in the County of Los Angeles. State of California.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

HERSHEY LAW, P.C.
16285 VENTURA BLVD, SH. 1205
I NCINO, CALIFORNIA 91436
Telephone: (310) 929-2190; Facsimile: (310) 929-6060

25)     Plaintiff has exhausted her administrative remedies pursuant to Government Code, Sections 12960 and 12965(b) by each timely filing an administrative complaint with the Department of Fair Employment & Housing and receiving a Right to Sue letter within one year of the last wrongful conduct. In this lawsuit, Plaintiff sues only under state law though such law sometimes adopts federal law.

## FIRST CAUSE OF ACTION

**Failure to Provide Meal Periods, in Violation of California Labor Code §§ 226.7 and 512, and IWC Wage Orders No. 5 and 9**

26)     Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint as if fully alleged herein.

27)     California Labor Code section 226.7(b) in relevant part provides, "An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission..."Under IWC Orders No. 5 and 9, Defendant was required to provide Plaintiff one off-duty meal period for every shift lasting over five (5) hours, up to ten hours, and a second off-duty meal period for every shift lasting over (10) hours.

28)     California Labor Code section 512(a) in relevant part provides, "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes..."

29)     Defendant had a pattern and practice of requiring its employees to be on duty at all times. Consequently, Defendant regularly failed to provide Plaintiff on thirty (30) minute off-duty meal period for shifts lasting over five (5) hours, and a second thirty (30) minute off-duty meal period for shifts lasting over ten (10) hours.

30)     Under section 226.7(c), an employer who violates section 226.7(b), "...shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided."

31)     Defendant failed to pay Plaintiff one (1) additional hour of pay at their regular rate of compensation for each day an off-duty meal period was not provided to them.

HERSHEY LAW, P.C.
16255 VENTURA BLVD, STE 1205
ENCINO, CALIFORNIA 91436
Telephone: (310) 929-2190, Facsimile: (310) 929-6060

1    32)    Defendant's willful violation of Labor Code sections 226.7 and 512, and IWC orders

2   No. 5 and 9, caused injury to Plaintiff in the form of withheld meal periods or wages in lieu thereof.

3   Plaintiff seeks to recover damages under Labor Code section 226.7.

4                              **SECOND CAUSE OF ACTION**

5   **Failure to Provide Rest Periods in Violation of California Labor Code §226.7 and IWC Wage**

6                                  **Orders No. 5 and No. 9**

7    33)    Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint

8   as if fully alleged herein.

9    34)    California Labor Code section 226.7(b) in relevant part provides, "An employer shall

10  not require an employee to work during a meal or rest or recovery period mandated pursuant to an

11  applicable statute, or applicable regulation, standard, or order of the Industrial Welfare

12  Commission..."

13   35)    Under IWC Orders No. 5 and 9, Defendant was required to provide Plaintiff one off-

14  duty rest period for every four hours, or major fraction thereof, worked.

15   36)    Defendant had a pattern and practice of requiring its employees to be on duty at all

16  times. Accordingly, Defendant regularly failed to provide Plaintiff off-duty rest periods.

17   37)    Under section 226.7(c), an employer who violates section 226.7(b), "...shall pay the

18  employee one additional hour of pay at the employee's regular rate of compensation for each

19  workday that the meal or rest or recovery period is not provided."

20   38)    Defendant failed to pay Plaintiff one (1) additional hour of pay at their regular rate of

21  compensation for each day an off-duty rest period was not provided to them.

22   39)    Defendant's willful violation of Labor Code sections 226.7 and 512, and IWC orders

23  No. 5 and 9, caused injury to Plaintiff in the form of withheld rest periods or wages in lieu thereof.

24  Plaintiff seeks to recover damages under Labor Code section 226.7.

25                              **THIRD CAUSE OF ACTION**

26          **Failure to Pay Overtime, in Violation of Labor Code §§ 510 and 1194**

27   40)    Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint

28  as if fully alleged herein.

HERSHEY LAW, P.C.
16255 VENTURA BLVD, SH 1265
ENCINO CALIFORNIA 91436
Telephone: (310) 929-2190, Facsimile: (310) 929-6060

41)     California Labor Code section 510 in relevant part provides, "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any on workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

42)     California Labor Code section 1194 in relevant part provides, "...any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

43)     Plaintiff regularly worked in excess of eight hours in one workday and in excess of 40 hours in any one workweek. Defendant failed to pay Plaintiff one and one-half times their regular rate for any hours worked in excess of eight hours in one workday or any hours worked in excess of 40 hours in any one workweek.

44)     Defendants had a pattern and practice of not paying Plaintiff for all hours worked, and therefore failed to pay all overtime earned by Plaintiff.

45)     Plaintiff seeks all remedies available under Labor Code § 1194, and 1197.1.

## FOURTH CAUSE OF ACTION

### Failure to Pay All Wages, in Violation of Labor Code Sections 201-202

46)     Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint as if fully alleged herein.

47)     California Labor Code section 201(a), in relevant part, provides, "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

HERSHEY LAW, P.C.
16255 VENTURA BLVD, STE. 1205
ENCINO, CALIFORNIA 91436
Telephone: (310) 929-2190; Facsimile: (310) 929-6060

48)   California Labor Code section 202(a), in relevant part, provides, "If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

49)   Defendants intentionally failed to pay Plaintiff all wages earned, including overtime, at the time Plaintiff was discharged, or within seventy-two (72) hours after they quit. Defendant knew or should have known that Plaintiff was owed wages for missed meal and rest periods and overtime.

50)   Defendants' willful violations of Labor Code sections 201-202 caused injury to Plaintiff, in the form of lost wages. Plaintiff seeks to recover all wages owed, attorney's fees, and costs, under labor code sections 218.5, 1194, and 1194.2.

## FIFTH CAUSE OF ACTION

### Waiting Time Penalties, in Violation of Labor Code Section 203

51)   Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint as if fully alleged herein.

52)   California Labor Code section 203(a) in relevant part provides, "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 201.9, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action thereof is commenced; but the wages shall not continue for more than 20 days."

53)   Defendant failed to pay Plaintiff overtime and wages for missed meal and rest periods due to him at the time he was discharged, or within three days afterwards. Defendants' failed to pay continued for over 20 days after Plaintiff was discharged.

54)   Plaintiff seeks to recover penalties under Labor section 203 for every day that Defendants failed to pay wages due to Plaintiff after he was discharged.

## SIXTH CAUSE OF ACTION

HERSHEY LAW, P.C.
16253 VENTURA BLVD, STE 1205
ENCINO, CALIFORNIA 91436
Telephone: (310) 929-2190, Facsimile: (310) 929-6060

**Failure to Provide Accurate Wage Statements, in Violation of Labor Code Section 226(a)**

55)    Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint as if fully alleged herein.

56)    Under California Labor Code section 226(a), an employer is legally obligated to provide his or her employees, semi-month or at the time of payment of wages, "an accurate itemized statement in writing showing," among other things, total hours worked, gross wages earned, net wages earned, as well as "all applicable hourly rates in effect during the pay period and the corresponding numbers of hours worked at each hourly rate by the employee."

57)    Defendant failed to provide Plaintiff accurate wage statements as required by Labor Code section 226(a). The wage statements provided to Plaintiff did not include all hours worked, all applicable overtime rates, wages for missed meal and rest period. Consequently, the wage statements included incorrect gross and net wages earned.

58)    Under California Labor Code section 226(e), each employee is entitled to collect $50 for the first pay period of a section 226(a) violation, and $100 for violations in each subsequent pay period, up to a maximum of $4,000. Plaintiff seeks penalties under Labor Code section 226(e).

## SEVENTH CAUSE OF ACTION

**Unfair Competition, in Violation of Business and Professions Code Section 17200 et seq.**

59)    Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint as if fully alleged herein.

60)    California Business and Professions Code section 17203 in relevant part provides, "Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments...as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition."

61)    As used in section 17203, "unfair competition" includes "any unlawful, unfair or fraudulent business act or practice."

HERSHEY LAW, P.C.
1625 VENTURA BLVD. STE 1205
ENCINO, CALIFORNIA 91436
Telephone: (310) 929-2190, Facsimile: (310) 929-6060

62)    Defendant engaged in unlawful business acts and practices against Plaintiff by: failing to provide meal and rest periods. or one hour's pay in lieu thereof. as required by Labor Code sections 226.7 and 512. and IWC Wage Orders No. 5 and 9; failing to pay overtime, as required by Labor Code sections 510 and 1194; and failing to pay all wages due at the termination of employment as required by Labor Code sections 201-202.

63)    Plaintiff has suffered injury in fact and lost money. in the form of unlawfully withheld wages. as a result of Defendants' unfair competition.

64)    Plaintiff requests restitution of meal and rest period wages and overtime wages.

## EIGHT CAUSE OF ACTION

**Disability Discrimination in Violation of Government Code 12940 ET Seq. (FEHA)**

65)    Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint as if Fully alleged herein.

66)    At all times herein mentioned. California Government Code § 12940 et seq.. the Fair Employment and Housing Act ("FEHA"). was in full force and effect and was binding on Defendants. as Defendants regularly employed five (5) or more persons.

67)    California Government Code § 12940(a) requires Defendant to refrain from discriminating against any employee on the basis of disability. Per California Government Code § 12926.1(b). "disability" includes. but is not limited to. protection from discrimination due to actual or perceived impairment that is disabling. potentially disabling, or perceived to be disabling.

68) Defendant became aware of Plaintiff's Disability.

69)    Plaintiff's disability limited his ability to engage in the major life activity of working. Defendant engaged in unlawful employment practices in violation of the FEHA by treating Plaintiff differently than non-disabled employees when they. including but not limited to. refused to accommodate work restrictions and ultimately fired plaintiff for seeking medical treatment.

70)    Plaintiff is informed and believes and based thereon alleges that his disability was a motivating factor in Defendant terminating Plaintiff. and other discrimination against his. in violation of Government Code §12940(a).

HERSHEY LAW. P.C.
16354 VENTURA BLVD. STE. 1265
ENCINO CALIFORNIA 91436
Telephone (310) 929-2190; Facsimile: (310) 929-6060

71)     As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

72)     As a proximate result of the wrongful acts of Defendant WELLS FARGO & COMPANY, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes, and thereupon alleges, that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

73)     Defendant WELLS FARGO & COMPANY had in place policies and procedures that specifically required Defendant WELLS FARGO & COMPANY'S managers, officers, and agents to prevent discrimination, retaliation, and harassment against and upon employees of WELLS FARGO & COMPANY, based on the protected classes identified in the California Fair Employment Housing Act, California Government Code § 12940 et seq. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

74)     As a proximate result of the wrongful acts of Defendant WELLS FARGO & COMPANY, Plaintiff has been forced to hire attorneys to prosecute his claims herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under Code § 12965(b).

## NINTH CAUSE OF ACTION

### Failure to Accommodate in Violation of the FEHA

HERSHEY LAW, P.C.
16255 VENTURA BLVD, STE 1205
ENCINO, CALIFORNIA 91436
Telephone: (310) 929-2190; Facsimile: (310) 929-6060

75) Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint as if fully alleged herein.

76) At all times herein mentioned, California Government Code § 12940 et seq., the Fair Employment and Housing Act ("FEHA"), was in full force and effect and was binding on Defendant WELLS FARGO & COMPANY, as Defendant WELLS FARGO & COMPANY regularly employed five (5) or more persons.

77) Plaintiff's disability limited his ability to engage in the major life activity of working.

78) Although Defendant WELLS FARGO & COMPANY, and DOES 1 THROUGH 50 Inclusively, and each of them, knew of Plaintiff's medical condition, Defendants, and each of them, refused to accommodate Plaintiffs disability and instead terminated Plaintiff because of his disability. Defendants' actions were in direct contravention of FEHA.

79) Plaintiff alleges that with reasonable accommodations he could have fully performed all duties and functions of his job in an adequate, satisfactory and/or outstanding manner.

80) As a direct and legal result of Defendant WELLS FARGO & COMPANY'S discriminatory actions herein referenced, Plaintiff has suffered and continues to suffer general, and special damages including but not limited to substantial losses in earnings, other employment benefits, physical injuries, physical sickness, as well as emotional distress, all to his damage in an amount according to proof.

81) Defendant WELLS FARGO & COMPANY had in place policies and procedures that specifically required Defendant WELLS FARGO & COMPANY'S managers, officers, and agents to prevent discrimination, retaliation, and harassment against and upon employees of Defendants, based on the protected classes identified in the California Fair Employment Housing Act, California Government Code § 12940 et seq. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

HERSHEY LAW, P.C.
16255 VENTURA BLVD, STE. 1205
ENCINO, CALIFORNIA 91436
Telephone: (310) 929-2190; Facsimile: (310) 929-6060

82)     Plaintiff also incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is presently unaware of the precise amount of these expenses and fees. Plaintiff requests attorneys' fees pursuant to Government Code § 12965.

///

///

///

## TENTH CAUSE OF ACTION

### Failure to Engage in the Interactive Process in Violation of FEHA;

83)     Plaintiff hereby incorporates by reference the preceding paragraphs of this complaint as if fully alleged herein.

84)     California Government Code §12940(n) provides that it is unlawful for an employer to fail to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any.

85)     Defendant WELLS FARGO & COMPANY failed to engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodations for Plaintiff's known disability, and instead Defendants WELLS FARGO & COMPANY terminated Plaintiff's employment.

86)     As a proximate result of the wrongful conduct of Defendant WELLS FARGO & COMPANY, and each of them, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at the time of trial.

87)     As a direct and legal result of Defendant WELLS FARGO & COMPANY'S discriminatory actions herein referenced, Plaintiff has suffered and continues to suffer general, and special damages including but not limited to substantial losses in earnings, other employment benefits, physical injuries, physical sickness, as well as emotional distress, all to his damage in an amount according to proof.

88)     Defendant WELLS FARGO & COMPANY had in place policies and procedures that specifically required Defendant WELLS FARGO & COMPANY'S managers, officers, and agents to prevent discrimination, retaliation, and harassment against and upon employees of

HERSHEY LAW, P.C.
16255 VENTURA BLVD, STE. 1205
ENCINO, CALIFORNIA 91436
Telephone: (310) 929-2190; Facsimile: (310) 929-6060

1    Defendants, based on the protected classes identified in the California Fair Employment Housing

2    Act, California Government Code § 12940 et seq. Each Defendant aided, abetted, participated in,

3    authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff

4    should, therefore, be awarded exemplary and punitive damages against each Defendant in an

5    amount to be established that is appropriate to punish each Defendant and deter others from

6    engaging in such conduct.

7         89)    Plaintiff also incurred and continues to incur legal expenses and attorneys' fees.

8    Plaintiff is presently unaware of the precise amount of these expenses and fees. Plaintiff requests

9    attorneys' fees pursuant to Government Code § 12965.

10                       **ELEVENTH COUSE OF ACTION**

11             **Racial Discrimination in Violation of the FEHA**

12        90)    Plaintiff hereby incorporates by reference the preceding paragraphs of this

13   Complaint as if Fully alleged herein.

14        91)    At all times herein mentioned, California Government Code § 12940 et seq., was in

15   full force and effect and were binding on Defendant as Defendant regularly employed five (5) or

16   more persons.

17        92)    California Government Code § 12940(a) requires Defendant to refrain from

18   discriminating against any employee on the basis of race.

19        93)    Plaintiff is informed and believes, and thereon alleges, that Defendant discriminated

20   and harassed Plaintiff and failed to investigate and prevent the discrimination and harassment of

21   Plaintiff because of her race.

22        94)    The above said acts of Defendant constituted discrimination in violation of public

23   policy and in violation of California Government Code § 12940 et seq.

24        95)    As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered

25   actual, consequential and incidental financial losses, including without limitation, loss of salary

26   and benefits, and the intangible loss of employment related opportunities in her field and damage

27   to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims

28

HERSHEY LAW, P.C.
16255 VENTURA BLVD. STE. 1205
ENCINO, CALIFORNIA 91436
Telephone: (310) 929-2190; Facsimile: (310) 929-6060

1  such amounts as damages pursuant to California Government Code § 3287 and/or § 3288 and/or

2  any other provision of law providing for prejudgment interest.

3      96)   As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and

4  continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as

5  the manifestation of physical symptoms. Plaintiff is informed and believes, and thereupon alleges,

6  that she will continue to experience said physical and emotional suffering for a period in the future

7  not presently ascertainable, all in an amount subject to proof at the time of trial.

8      97)   As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced

9  to hire attorneys to prosecute her claims herein and has incurred and is expected to continue to

10  incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys'

11  fees and costs under California Government Code § 12965(b).

12      98)   Defendant had in place policies and procedures that specifically required Defendant

13  managers, officers, and agents to prevent discrimination, retaliation, and harassment against and

14  upon employees of Defendant based on the protected classes identified in the California Fair

15  Employment Housing Act, California Government Code § 12940 et seq. Each Defendant aided,

16  abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct

17  alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against

18  each Defendant in an amount to be established that is appropriate to punish each Defendant and

19  deter others from engaging in such conduct.

20      99)   Plaintiff also incurred and continues to incur legal expenses and attorneys' fees.

21  Plaintiff is presently unaware of the precise amount of these expenses and fees. Plaintiff requests

22  attorneys' fees pursuant to Government Code § 12965.

23                  **TWELFTH CAUSE OF ACTION**

24        **Race and National Origin Harassment in Violation of the FEHA**

25      100)   Plaintiff hereby incorporates by reference the preceding paragraphs of this

26  Complaint as if Fully alleged herein.

27

28

HERSHEY LAW, P.C.
16253 VENTURA BLVD, STE. 1205
ENCINO, CALIFORNIA 91436
Telephone: (310) 929-2190; Facsimile: (310) 929-6060

101)    At all times herein mentioned. California Government Code § 12940 et seq. was in full force and effect and was binding on Defendants and each of them. as Defendants regularly employed five (5) or more persons.

102)    Defendants harassed Plaintiff on account of her race and national origin. Defendant's harassing behavior included, but was not limited to. making crude and degrading comments and creating a hostile work environment.

103)    Defendants' harassing conduct was serious and pervasive.

104)    As a proximate result of Defendants' conduct. Plaintiff has suffered and will continue to suffer actual. consequential. and incidental damages, including but not limited to. loss of wages and benefits. and the intangible loss of employment related opportunities in Plaintiffs field and damage to Plaintiffs professional reputation. all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Civil Code §§ 3287and/or 3288 and/or any other provisions of law providing for prejudgment interest.

105)    As a proximate result of Defendants' conduct. Plaintiff has suffered and will continue to suffer emotional distress. humiliation. mental anguish. and embarrassment. as well as the manifestation of physical symptoms. Upon information and belief. Plaintiff alleges that Plaintiff will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable. all in an amount subject to proof at trial.

106)    In committing the acts alleged herein. Defendants have engaged in oppression. fraud and/or malice pursuant to California Civil Code § 3294. thereby entitling Plaintiff to punitive damages in a sum appropriate under the law. The acts of oppression. fraud and/or malice were engaged in by the officers. directors and/or employees of Defendants. Each Defendant aided. abetted. participated in. authorized. ratified. and/or conspired to engage in the wrongful conducted alleged in this Complaint. As such. Plaintiff should be awarded exemplary and punitive damages against each Defendant in an amount that is appropriate to punish each Defendant and deter others from engaging in such conduct.

HERSHEY LAW, P.C.
16255 VENTRA BLVD, STE 1250
ENCINO, CALIFORNIA 91436
Telephone: (310) 929-2190; Facsimile: (310) 929-6060

107)    Plaintiff also incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is presently unaware of the precise amount of these expenses and fees. Plaintiff requests attorneys' fees pursuant to Government Code § 12965.

### THIRTEENTH CAUSE OF ACTION

**Failure to Prevent Discrimination and Harassment in Violation of FEHA**

108)    Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint as if Fully alleged herein.

109)    At all times herein mentioned. California Government Code § 12940 et seq. was in full force and effect and was binding on Defendant WELLS FARGO & COMPANY, as Defendant regularly employed five (5) or more persons. California Government Code § 12940(k) requires employers to take all reasonable steps necessary to prevent discrimination and harassment from occurring.

110)    Defendant WELLS FARGO & COMPANY willfully failed to take any actions to prevent discrimination from occurring. Instead, Defendant WELLS FARGO & COMPANY pursued discriminatory actions against Plaintiff, including withholding earned wages and terminating Plaintiff's employment.

111)    As a proximate result of Defendant WELLS FARGO & COMPANY'S conduct. Plaintiff has suffered and will continue to suffer actual, consequential and incidental damages, including but not limited to. loss of wages and benefits, and the intangible loss of employment related opportunities in Plaintiff's field and damage to Plaintiff's professional reputation. all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Civil Code §§ 3287 and/or 3288 and/or any other provisions of law providing for prejudgment interest.

112)    As a proximate result of Defendant WELLS FARGO & COMPANY'S conduct, Plaintiff has suffered and will continue to suffer emotional distress. humiliation. mental anguish and embarrassment, as well as the manifestation of physical symptoms. Upon information and belief. Plaintiff alleges that Plaintiff will continue to experience said physical and emotional

HERSHEY LAW, P.C.
16255 VENTURA BLVD. STE. 1205
ENCINO, CALIFORNIA 91436
Telephone: (310) 929-2190: Facsimile: (310) 929-6060

1   suffering for a period in the future not presently ascertainable, all in an amount subject to proof at

2   trial.

3        113)   As a proximate result of Defendant WELLS FARGO & COMPANY'S conduct,

4   Plaintiff has been forced to hire attorneys to prosecute the claims asserted herein and has incurred

5   and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is

6   entitled to recover attorneys' fees and costs pursuant to California Government Code § 12965.

7        114)   In committing the acts alleged herein, Defendant WELLS FARGO & COMPANY

8   has engaged in oppression, fraud and/or malice pursuant to California Civil Code § 3294, thereby

9   entitling Plaintiff to punitive damages in a sum appropriate under the law. The acts of oppression,

10  fraud and/or malice were engaged in by the officers, directors and/or employees of Defendant

11  WELLS FARGO & COMPANY. Each Defendant aided, abetted, participated in, authorized,

12  ratified, and/or conspired to engage in the wrongful conducted alleged in this Complaint. As such,

13  Plaintiff should be awarded exemplary and punitive damages against each Defendant in an amount

14  that is appropriate to punish each Defendant and deter others from engaging in such conduct.

15                         **FOURTEENTH CAUSE OF ACTION**

16                **Wrongful Termination in Violation of FEHA**

17       115)   Plaintiff hereby incorporates by reference the preceding paragraphs of this

18  Complaint as if Fully alleged herein.

19       116)   At all times herein mentioned, California Government Code § 12940 et seq. was in

20  full force and effect and were binding on Defendants WELLS FARGO & COMPANY, as

21  Defendants regularly employed five (5) or more persons. California Government Code § 12940(a)

22  provides that it is unlawful for an employer, because of sex or disability, to discharge a person

23  from employment.

24       117)   In or around January 15, 2019, Plaintiff's employment was terminated in violation of

25  the FEHA, as alleged above.

26       118)   As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered

27  actual, consequential and incidental financial losses, including without limitation, loss of salary

28  and benefits, and the intangible loss of employment related opportunities in her field and damage

HERSHEY LAW, P.C.
1625 VENTURA BLVD, STE 1205
ENCINO, CALIFORNIA, 91436
Telephone: (310) 929-2190; Facsimile: (310) 929-6060

1   to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims

2   such amounts as damages pursuant to California Government Code § 3287 and/or § 3288 and/or

3   any other provision of law providing for prejudgment interest.

4         119)   As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and

5   continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as

6   the manifestation of physical symptoms. Plaintiff is informed and believes, and thereupon alleges,

7   that she will continue to experience said physical and emotional suffering for a period in the future

8   not presently ascertainable, all in an amount subject to proof at the time of trial.

9         120)   As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced

10   to hire attorneys to prosecute her claims herein and has incurred and is expected to continue to

11   incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys'

12   fees and costs under California Government Code § 12965(b).

13         121)   Defendants had in place policies and procedures that specifically required

14   Defendant's managers, officers, and agents to prevent discrimination, retaliation, and harassment

15   against and upon employees of Defendants, based on the protected classes identified in the

16   California Fair Employment Housing Act, California Government Code § 12940 et seq. Each

17   Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the

18   wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive

19   damages against each Defendant in an amount to be established that is appropriate to punish each

20   Defendant and deter others from engaging in such conduct.

21   ### FIFTEENTH CAUSE OF ACTION

22   **Wrongful Termination in Violation of Public Policy**

23         122)   Plaintiff hereby incorporates by reference the preceding paragraphs of this

24   Complaint as if Fully alleged herein.

25         123)   At all times mentioned, the public policy of the State of California, as codified,

26   expressed and mandated in California Government Code § 12940 et seq., is to prohibit employers

27   from engaging in the conduct alleged herein. This public policy is designed to protect all

28   employees and to promote the welfare and well-being of the community at large. Accordingly, the

HERSHEY LAW, P.C.
9255 SUNSET BLVD, STE. 120
ENCINO, CALIFORNIA 91436
Telephone (310) 929-2190, Facsimile: (310) 929-6066

1   actions of Defendants, and each of them, in constructively terminating Plaintiff on the grounds

2   alleged herein were wrongful and in contravention of the express public policy of the State of

3   California.

4       124)   At all times mentioned, the public policy of the State of California, as codified,

5   expressed and mandated the Unruh Civil Rights Act is to prohibit employers from engaging in the

6   conduct alleged herein. This public policy is designed to protect all employees and to promote the

7   welfare and well-being of the community at large. Accordingly, the actions of Defendants, and

8   each of them, in constructively terminating Plaintiff on the grounds alleged herein were wrongful

9   and in contravention of the express public policy of the State of California.

10      125)   At all times mentioned, the public policy of the State of California, as codified,

11  expressed and mandated in California Labor Code §§ 201, 203, 226, 226.7, and 1194 is to prohibit

12  employers from engaging in the conduct alleged herein. This public policy is designed to protect

13  all employees and to promote the welfare and well-being of the community at large. Accordingly,

14  the actions of Defendants, and each of them, in constructively terminating Plaintiff on the grounds

15  alleged herein were wrongful and in contravention of the express public policy of the State of

16  California.

17      126)   As a proximate result of Defendants' conduct, Plaintiff has suffered and will

18  continue to suffer actual, consequential and incidental damages, including but not limited to, loss

19  of wages and benefits, and the intangible loss of employment related opportunities in Plaintiff's

20  field and damage to Plaintiff's professional reputation, all in an amount subject to proof at the time

21  of trial. Plaintiff claims such amounts as damages pursuant to California Civil Code §§ 3287

22  and/or 3288 and/or any other provisions of law providing for prejudgment interest.

23      127)   As a proximate result of Defendants' conduct, Plaintiff has suffered and will

24  continue to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as

25  the manifestation of physical symptoms. Upon information and belief, Plaintiff alleges that

26  Plaintiff will continue to experience said physical and emotional suffering for a period in the

27  future not presently ascertainable, all in an amount subject to proof at trial.

28

HERSHEY LAW, P.C.
1625 VENTURA BLVD., STE. 1254
ENCINO, CALIFORNIA 91436
Telephone: (310) 929-4290; Facsimile: (310) 929-6060

128)    In committing the acts alleged herein, Defendants have engaged in oppression, fraud and/or malice pursuant to California Civil Code § 3294, thereby entitling Plaintiff to punitive damages in a sum appropriate under the law. The acts of oppression, fraud and/or malice were engaged in by the officers, directors and/or employees of Defendants. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conducted alleged in this Complaint. As such, Plaintiff should be awarded exemplary and punitive damages against each Defendant in an amount that is appropriate to punish each Defendant and deter others from engaging in such conduct.

129)    Plaintiff also incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is presently unaware of the precise amount of these expenses and fees. Plaintiff requests attorneys' fees pursuant to Government Code § 12965.

## SIXTEENTH CAUSE OF ACTION

### Failure to Provide Complete Access to Employee Personnel File and Payroll Records in Violation of California Labor Code §§ 226, 432, And 1198.5

130)    Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint as if Fully alleged herein.

131)    California Labor Code § 226, subdivisions (b) and (c), require employers doing business in the state of California to afford current and former employees the right to inspect or copy records pertaining to their employment, upon reasonable request to the employer, and to comply with the request as soon as practicable, but no later than 21 calendar days from the date of the request. California Labor Code § 226, subdivision (f), provides that a failure by an employer to permit a current or former employee to inspect or copy records within the time set forth in subdivision (c) entitles the current or former employee to recover a penalty of seven hundred fifty dollars ($750) from the employer.

132)    California Labor Code § 432, subdivision (b), requires employers doing business in the state of California to provide current and former employees copies of all written instruments they sign upon request. California Labor Code § 1198.5, et seq., provides current and former employees the right to inspect or receive a copy of their employee personnel records that the

HERSHEY LAW, P.C.
1625 W. OLYMPIC BLVD., STE. 1205
LOS ANGELES, CALIFORNIA 90015
Telephone: (310) 929-2190; Facsimile: (310) 929-6060

1     employer maintains relating to the employee's performance or to any grievance concerning the

2     employee, and that the employer comply not later than 30 calendar days from the date the

3     employer receives a written request. California Labor Code § 1198.5, subdivision (k), provides

4     that an employer's failure to permit a current or former employee, or his or her representative, to

5     inspect or copy personnel records within the times specified, the current or former employee may

6     recover a penalty of seven hundred fifty dollars ($750) from the employer.

7         133)    As alleged above, Plaintiff and Plaintiff's counsel, requested Defendants to provide

8     Plaintiff a copy of or access to her employee personnel file and payroll records, and Defendants

9     did not provide Plaintiff a copy of or access to all of her employee personnel file and payroll

10    records in violation of the above-described statutes.

11        134)    As a result of the statutory violations alleged in this Complaint, Plaintiff suffered

12    damages, including statutory damages, in an amount to be determined according to proof at trial,

13    costs, and attorneys' fees.

14        135)    By reason of the foregoing, Plaintiff has been left without an adequate remedy at

15    law, and should be entitled to appropriate injunctive relief from this Court, including, but not

16    limited to, an order by the Court requiring Defendants to provide copies of all of Plaintiff's

17    employee personnel file and payroll records to Plaintiff or to provide Plaintiff access to these

18    records as required by law.

19        136)    Plaintiff is entitled to an award of attorneys' fees as provided by applicable law

20    including, but not limited to, California Labor Code §§ 226, subdivision (h), and 1198.5,

21    subdivision (l). Plaintiff is also entitled to penalties as provided by applicable law, including, but

22    not limited to, California Labor Code §§ 226, subdivision (f), and 1198.5, subdivision (k).

23                                 **PRAYER OF RELIEF**

24        WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as

25    follows:

26        1)      For compensatory damages in the amount according to proof;

27        2)      For general damages in an amount according to proof;

28        3)      For punitive damages in the amount according to proof;

HERSHEY LAW, P.C.
16255 VENTURA BLVD, STE 1235
ENCINO, CALIFORNIA 91436
Telephone: (310) 929-2190, Facsimile: (310) 929-6060

4)   For penalties under the Labor Code, in an amount according to proof;

5)   Injunctive relief, enjoining Defendants from engaging in the unlawful and unfair business practices complained herein.

6)   For declaratory relief, declaring Defendant's practices as unlawful and unfair business practices within the meaning of Business and Professions Code sections 17200 et seq..

7)   For restitution under Business and Professions Code Sections 17200 et seq.

8)   Further declaratory relief, declaring the amounts of damages, penalties, equitable relief, costs, and attorneys' fees to which Plaintiff is entitled;

9)   For reasonable attorney's fees and expenses per the Code;

10)  For costs of the suit herein incurred; and

11)  For such other and further relief as this Court may deem just and proper.

///

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by jury.

DATED:       February 5, 2020                HERSHEY LAW, P.C.

                                             By: _____
                                             BRENNAN M. HERSHEY, ESQ.
                                             Attorney for Plaintiff,
                                             ROWENA B. KAMARATUNGA

HERSHEY LAW, P.C.
16255 VENTURA BLVD, STE 1205
ENCINO, CALIFORNIA 91436
Telephone: (310) 929-2190; Facsimile: (310) 929-6060

**CM-010**

| | FOR COURT USE ONLY |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Brennan M. Hershey, Esq. (SBN 311464)<br>HERSHEY LAW<br>16255 Ventura Blvd, Suite 1205<br>Encino, CA 91436 | |

TELEPHONE NO.: (310) 929-2190  FAX NO.: (310) 929-6060
ATTORNEY FOR *(Name):* Plaintiff, Rowena Kumaratunga

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk

CASE NAME:
KUMARATUNGA V. WELLS FARGO & COMPANY, et. al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 20STCV04831<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☑ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action *(specify):* 16
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 02/05/2020

Brennan M. Hershey, Esq.
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
 Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
 Uninsured Motorist (46) (*if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto*)

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
 Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
   Wrongful Death
 Product Liability (*not asbestos or
  toxic/environmental*) (24)
 Medical Malpractice (45)
  Medical Malpractice–
   Physicians & Surgeons
  Other Professional Health Care
   Malpractice
 Other PI/PD/WD (23)
  Premises Liability (e.g., slip
   and fall)
  Intentional Bodily Injury/PD/WD
   (e.g., assault, vandalism)
  Intentional Infliction of
   Emotional Distress
  Negligent Infliction of
   Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
 Business Tort/Unfair Business
  Practice (07)
 Civil Rights (e.g., discrimination,
  false arrest) (*not civil
  harassment*) (08)
 Defamation (e.g., slander, libel)
  (13)
 Fraud (16)
 Intellectual Property (19)
 Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
   (*not medical or legal*)
 Other Non-PI/PD/WD Tort (35)

**Employment**
 Wrongful Termination (36)
 Other Employment (15)

**Contract**
 Breach of Contract/Warranty (06)
  Breach of Rental/Lease
   Contract (*not unlawful detainer
   or wrongful eviction*)
  Contract/Warranty Breach–Seller
   Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/
   Warranty
  Other Breach of Contract/Warranty
 Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
   Case
 Insurance Coverage (*not provisionally
  complex*) (18)
  Auto Subrogation
  Other Coverage
 Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
 Eminent Domain/Inverse
  Condemnation (14)
 Wrongful Eviction (33)
 Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent
   domain, landlord/tenant, or
   foreclosure*)

**Unlawful Detainer**
 Commercial (31)
 Residential (32)
 Drugs (38) (*if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential*)

**Judicial Review**
 Asset Forfeiture (05)
 Petition Re: Arbitration Award (11)
 Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
   Case Matter
  Writ–Other Limited Court Case
   Review
 Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
   Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
 Antitrust/Trade Regulation (03)
 Construction Defect (10)
 Claims Involving Mass Tort (40)
 Securities Litigation (28)
 Environmental/Toxic Tort (30)
 Insurance Coverage Claims
  (*arising from provisionally complex
  case type listed above*) (41)

**Enforcement of Judgment**
 Enforcement of Judgment (20)
  Abstract of Judgment (Out of
   County)
  Confession of Judgment (*non-
   domestic relations*)
  Sister State Judgment
  Administrative Agency Award
   (*not unpaid taxes*)
  Petition/Certification of Entry of
   Judgment on Unpaid Taxes
  Other Enforcement of Judgment
   Case

**Miscellaneous Civil Complaint**
 RICO (27)
 Other Complaint (*not specified
  above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-
   harassment*)
  Mechanics Lien
  Other Commercial Complaint
   Case (*non-tort/non-complex*)
  Other Civil Complaint
   (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
 Partnership and Corporate
  Governance (21)
 Other Petition (*not specified
  above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
   Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
   Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

| SHORT TITLE KUMARATUNGA V. WELLS FARGO & COMPANY, et. al. | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE KUMARATUNGA V. WELLS FARGO & COMPANY, et. al. | CASE NUMBER |
|---|---|

| | **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☒ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

| SHORT TITLE | KUMARATUNGA V. WELLS FARGO & COMPANY, et. al. | CASE NUMBER | |
|---|---|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108   Asset Forfeiture Case | 2. 3. 6 |
| | Petition re Arbitration (11) | ☐ A6115   Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151   Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152   Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153   Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150   Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003   Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007   Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006   Claims Involving Mass Tort | 1. 2. 8 |
| | Securities Litigation (28) | ☐ A6035   Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐ A6036   Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014   Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141   Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160   Abstract of Judgment | 2, 6 |
| | | ☐ A6107   Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140   Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114   Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112   Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033   Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030   Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040   Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011   Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000   Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113   Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not<br>Specified Above) (43) | ☐ A6121   Civil Harassment | 2, 3, 9 |
| | | ☐ A6123   Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124   Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190   Election Contest | 2 |
| | | ☐ A6110   Petition for Change of Name/Change of Gender | 2. 7 |
| | | ☐ A6170   Petition for Relief from Late Claim Law | 2, 3. 8 |
| | | ☐ A6100   Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE | CASE NUMBER |
|---|---|
| KUMARATUNGA V. WELLS FARGO & COMPANY, et. al. | |

**Step 4:  Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected.  Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | ADDRESS |
|---|---|
| 1. ☑ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | 900 N. San Fernando Blvd<br>Burbank, CA 91502 |

| CITY | STATE | ZIP CODE |
|---|---|---|
| Burbank | CA | 91502 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the _Central_ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: _02/05/2020_

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>02/05/2020<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: Nancy Alvarez, Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER<br>20STCV04831 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Rupert A. Byrdsong | 28 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 02/06/2020
    (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By Nancy Alvarez _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**